## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAQUELINE SEARS,<br><br>                          Plaintiff,<br><br>          v.<br><br>BIO-MEDICAL APPLICATIONS OF NEW JERSEY, INC. and JOHN DOES 1-5 AND 6-10,<br><br>                          Defendants. | Civil Action No.   2:22-cv-3440<br><br>**NOTICE AND PETITION FOR REMOVAL** |

TO:     William T. Walsh, Clerk of Court
        United States District Court for the District of New Jersey
        Martin Luther King Building & U.S. Courthouse
        50 Walnut Street
        Newark, NJ 07101

        Terrence Mitchell, Esq.
        Costello & Mains, LLC
        18000 Horizon Way, Suite 800
        Mount Laurel, NJ 08054
        Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant Bio-Medical Applications of New Jersey, Inc. ("Defendant" or "Bio-Medical Applications") respectfully submits this Notice and Petition for Removal and removes this case from the Superior Court of New Jersey, Law Division, Passaic County, bearing Docket No. PAS-L-542-22, to the United States District Court for the District of New Jersey.  The grounds for this removal are as follows:

### INTRODUCTION

1.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This case may therefore be removed pursuant to 28 U.S.C. § 1441.

## **TIMELINESS OF REMOVAL**

2.      On or about February 28, 2022, Plaintiff Jacqueline Sears ("Plaintiff") filed a civil action in the Superior Court of New Jersey, Law Division, Passaic County, bearing Docket No. PAS-L-542-22, entitled *Jacqueline Sears v. Fresenius Medical Care Passaic LLC d/b/a Fresenius Kidney Care and John Does 1-5 and 6-10* (hereinafter the "Action").  A copy of Plaintiff's initial Complaint is attached hereto as Exhibit A.  The initial Complaint was never served on the named defendant.

3.      On April 22, 2022, Plaintiff filed a First Amended Complaint and Jury Demand in the Action, in which Plaintiff named Bio-Medical Applications of New Jersey, Inc. as an additional Defendant and Fresenius Medical Care Passaic LLC d/b/a Fresenius Kidney Care remained a named Defendant.  A copy of the First Amended Complaint entitled, *Jacqueline Sears v. Bio-Medical Applications of New Jersey, Inc.; Fresenius Medical Care Passaic LLC d/b/a Fresenius Kidney Care; and John Does 1-5 and 6-10*, is attached hereto as Exhibit B.  The First Amended Complaint was also never served on any of the named defendants.

4.      On May 5, 2022, counsel for Plaintiff advised of Plaintiff's intention to dismiss Defendant Fresenius Medical Care Passaic LLC d/b/a Fresenius Kidney Care from the Action.

5.      On May 10, 2022, Plaintiff filed a Second Amended Complaint and Jury Demand in the Action, in which Plaintiff removed Fresenius Medical Care Passaic LLC d/b/a Fresenius Kidney Care as a Defendant and named only Bio-Medical Applications of New Jersey, Inc. as Defendant.  A copy of Plaintiff's Second Amended Complaint entitled, *Jacqueline Sears v. Bio-Medical Applications of New Jersey, Inc. and John Does 1-5 and 6-10*, is attached hereto as Exhibit C.

6.      On May 10, 2022, Bio-Medical Applications, through counsel, accepted service of the Second Amended Complaint.

FP 43635101.3

7.     This notice and petition for removal is timely filed within the provisions of 28 U.S.C. § 1446(b).  Bio-Medical Applications effected removal within thirty (30) days of receipt of a paper from which it could first be ascertained that this action is removable.  See 28 U.S.C. § 1446.

## REMOVAL BASED ON DIVERSITY JURISDICTION

8.     This action is removable to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 because it involves a controversy between citizens of different states.

9.     According to the Summons and Complaint, and upon information and belief, Plaintiff is a citizen of New Jersey.  See Ex. C, Second Amended Complaint at ¶ 1.

10.     Bio-Medical Applications is a Delaware corporation with its principal place of business located in Massachusetts. Therefore, Bio-Medical Applications is a citizen of Delaware and Massachusetts.

11.     This matter is one over which this Court has original jurisdiction.  Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.

12.     Diversity of citizenship existed among the parties when Plaintiff's Second Amended Complaint was served.  Diversity of citizenship did not exist prior to service of the Second Amended Complaint.  Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

13.     The matter in controversy exceeds $75,000.00, for the following reasons:

a.     This Action involves claims of race harassment and retaliatory harassment under the New Jersey Law Against Discrimination ("LAD").  Plaintiff also asserts a claim for equitable relief.

b.     In the Action, Plaintiff demands judgment against Bio-Medical Applications for compensatory damages.

3

c.        Plaintiff's Complaint also seeks recovery of attorneys' fees, a statutorily available remedy under the LAD, which are to be included when considering the amount in controversy.  *Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 F. App'x 161, 163 n.2 (3d Cir. 2007) ("[W]hen state law provides for the recovery of attorneys' fees by a successful plaintiff, those fees must be considered in calculating the jurisdictional amount in controversy.") (citations omitted).  The LAD also provides for potential enhancement of attorneys' fees.

d.        Plaintiff's Complaint also seeks an award of punitive damages, a statutorily available remedy under the LAD, which are to be included when considering the amount in controversy.  *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943).

e.        Given that Plaintiff's Complaint seeks, *inter alia*, alleged compensatory damages, attorneys' fees (with potential enhancement), and punitive damages, the amount in controversy in this matter exceeds the jurisdictional threshold of $75,000.00.

14.        Therefore, the United States District Court for the District of New Jersey has subject matter jurisdiction under 28 U.S.C. §1332(a) because this is a civil action in which there is complete diversity between Plaintiff and Defendant and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15.        Consequently, this Action is removable to Federal Court pursuant to 28 U.S.C. § 1441.

## **VENUE**

16.        Pursuant to 28 U.S.C. § 1441(a) venue lies in the United States District Court for the District of New Jersey because this Action is currently pending in the Superior Court of New Jersey, Law Division, Passaic County, which is within the judicial district and division.

## NOTICE

17.    Defendant has not filed an answer or other pleading in the Superior Court of New Jersey.

18.    In filing this Notice and Petition for Removal, Defendant does not waive any defenses to the claims asserted by Plaintiff or concede Plaintiff has pleaded claims upon which relief can be granted.

19.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice and Petition for Removal is being filed with the Clerk of the Superior Court of New Jersey, Passaic County, and is being served upon Plaintiff's counsel of record.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Passaic County, be removed to the United States District Court for the District of New Jersey.

By:    _____
DAVID B. LICHTENBERG, ESQ.
ELIZA L. LLOYD, ESQ.
**FISHER & PHILLIPS LLP**
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Phone:  (908) 516-1050
Facsimile:  (908) 516-1051
E-mail:  dlichtenberg@fisherphillips.com
        elloyd@fisherphillips.com
Attorneys for Defendant

Dated:  June 3, 2022

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By:  Terrence Mitchell
Attorney I.D. No. 273202018
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
tmitchell@costellomains.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| JACQUELINE SEARS, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | PASSAIC COUNTY - LAW DIVISION |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| FRESENIUS MEDICAL CARE PASSAIC | : | DOCKET NO: |
| LLC d/b/a FRESENIUS KIDNEY CARE | : | |
| PASSAIC; and JOHN DOES 1-5 AND 6-10, | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff, Jacqueline Sears, residing in Paterson, New Jersey, by way of Complaint against the Defendants, says:

**<u>Preliminary Statement</u>**

This matter arises under the New Jersey Law Against Discrimination ("LAD") alleging racial harassment.

**<u>Identification of Parties</u>**

1.      Plaintiff Jacqueline Sears is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the Defendants.

2.      Defendant Fresenius Kidney Care is, at all relevant times herein, an entity conducting business at 10 Clifton Boulevard, Clifton, Passaic County, New Jersey, and was Plaintiff's employer.

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## General Allegations

4.      Defendants operate a kidney dialysis and treatment care center, located at 10 Clifton Boulevard in Clifton, New Jersey.

5.      Defendants employed Plaintiff as a patient care tech from March 2020 to November 29, 2021.

6.      Plaintiff's termination is not at issue in this matter, which asserts a claim of workplace harassment only.

7.      Plaintiff is a Black woman.

8.      Plaintiff was harassed because of her race.

9.      The harassment was severe or pervasive.

10.      The harassment was such that a reasonable Black woman in Plaintiff's circumstances would have found the work environment altered to become hostile, intimidating or abusive.

11.      The work environment did, in fact, so alter for the Plaintiff.

12.      When Plaintiff's employment began in March 2020, she was instructed to shadow another dialysis technician, Arik.

13.      However, the Charge Nurse, Celinda, who is, upon information and belief, of Philippine descent, directed Plaintiff to perform menial tasks such as cleaning wheelchairs and wiping down counters instead of shadowing Arik.

14.     At the time, Plaintiff was the only Black woman working full-time as a dialysis technician.

15.     Plaintiff learned from one of her co-workers that Celinda had not asked other dialysis techs to perform the menial cleaning duties the Celinda required Plaintiff to perform.

16.     In April 2020, Indira (last name unknown) told the Plaintiff that Celinda "did not like people like her," inferring that Celinda had a bias against Plaintiff because of her race.

17.     Throughout the remainder of her employment, Plaintiff suffered ongoing harassment because of her race that included, but was not limited to:

- Being called an "ugly, fat, Black bitch" twice by a patient in the presence of one of the nurses, Indira, who laughed instead of correcting the patient or reporting the patient's conduct to upper management;

- Celinda frequently and inexplicably changing Plaintiff's work schedule;

- Celinda allowing other employees to leave early, leaving Plaintiff alone until closing;

- Celinda following Plaintiff around the workplace and belittling her, criticizing Plaintiff's work performance publicly and without cause;

- Being required to work holidays in order for other employees to have the day off;

- A co-worker asked Plaintiff if she knew any "loan sharks" because she was from Paterson;

- Nurses refusing to assist Plaintiff with patients; and

- Accusing Plaintiff of being "loud" and "embarrassing" to the nurse in front of patients.

18.     On or about March 21, 2021, the Plaintiff spoke to Clinical Manager, Korola Berringer, about the way she was being treated at work.

19.     Plaintiff specifically reported to Korola that she felt she was the victim of race harassment.

20.     Upon information and belief, Korola is White.

21.     Upon information and belief, one of Plaintiff's co-worker's, Celeste, had already advised Korola that Plaintiff was being harassed because of her race.

22.     By reporting her concern about race harassment to Korola, Plaintiff engaged in LAD-protected conduct.

21.     It was about a week after Plaintiff's complaint to Korola that Celinda began changing Plaintiff's schedule.

22.     Thus, all harassment occurring from that point on is also because of Plaintiff's status as a person engaging in conduct protected by the LAD.

23.     Plaintiff complained to Korola again in the Fall of 2021.

24.     Despite multiple complaints to upper management, the harassment of Plaintiff continued unabated.

25.     Celeste and Korola were both members of upper management as that term is defined under the LAD.

26.     Defendants are liable for the harassment directed at Plaintiff because Defendants failed to promulgate a meaningful policy reasonably designed to prevent or deter race harassment in the workplace.

27.     Defendants are further liable for the harassment because it was undertaken by at least one member of upper management.

28.     Defendants are further liable for the harassment because after Plaintiff's complaints of race harassment, Defendants failed to take any prompt, effective remedial action to put an end to the harassment.

29.     Because these actions of Defendants were undertaken by members of upper management and/or because members of upper management were willfully indifferent to the same, and because those actions were especially egregious, punitive damages are warranted.

30.     Plaintiff has been cause to suffer emotional upset and distress as the result of the Defendants' conduct.

## COUNT I

## Racial Harassment Under the LAD

31.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 30, as though fully set forth herein.

32.     For the reasons set forth above, the Defendants are liable to Plaintiff for racial harassment under the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

## Retaliatory Harassment Under the LAD

33.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 32, as though fully set forth herein.

34.     For the reasons set forth above, the Defendants are liable to Plaintiff for retaliatory harassment under the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

## Request for Equitable Relief

35.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 34 as though fully set forth herein.

36.     Plaintiff requests the following equitable remedies and relief in this matter.

37.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

38.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

39.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

40.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

41.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

42.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

43.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

**By:** _/s/ Terrence L. Mitchell_
Dated: February 28, 2022                     **Terrence L. Mitchell**

# EXHIBIT B

**COSTELLO & MAINS, LLC**
By:  Terrence Mitchell
Attorney I.D. No. 273202018
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
tmitchell@costellomains.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| JACQUELINE SEARS, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | PASSAIC COUNTY - LAW DIVISION |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| BIO-MEDICAL APPLICATIONS OF NEW | : | DOCKET NO:  PAS-L-542-22 |
| JERSEY INC.; FRESENIUS MEDICAL | : | |
| CARE PASSAIC LLC d/b/a FRESENIUS | : | |
| KIDNEY CARE PASSAIC; and JOHN | : | **FIRST AMENDED COMPLAINT AND** |
| DOES 1-5 AND 6-10, | : | **JURY DEMAND** |
| | | |
| Defendants. | | |

Plaintiff, Jacqueline Sears, residing in Paterson, New Jersey, by way of Complaint against the Defendants, says:

## Preliminary Statement

This matter arises under the New Jersey Law Against Discrimination ("LAD") alleging racial harassment.

## Identification of Parties

1.     Plaintiff Jacqueline Sears is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the Defendants.

2.      Defendant Bio-Medical Applications of New Jersey is, at all relevant times herein, an entity conducting business at 920 Winter Street, Waltham, Massachusetts 02451 and was Plaintiff's employer.

3.       Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

**General Allegations**

4.      Defendants operate a kidney dialysis and treatment care center, located at 10 Clifton Boulevard in Clifton, New Jersey.

5.      Defendants employed Plaintiff as a patient care tech from March 2020 to November 29, 2021.

6.      Plaintiff's termination is not at issue in this matter, which asserts a claim of workplace harassment only.

7.      Plaintiff is a Black woman.

8.      Plaintiff was harassed because of her race.

9.      The harassment was severe or pervasive.

10.      The harassment was such that a reasonable Black woman in Plaintiff's circumstances would have found the work environment altered to become hostile, intimidating or abusive.

11.      The work environment did, in fact, so alter for the Plaintiff.

12.      When Plaintiff's employment began in March 2020, she was instructed to shadow another dialysis technician, Arik.

13.     However, the Charge Nurse, Celinda, who is, upon information and belief, of Philippine descent, directed Plaintiff to perform menial tasks such as cleaning wheelchairs and wiping down counters instead of shadowing Arik.

14.     At the time, Plaintiff was the only Black woman working full-time as a dialysis technician.

15.     Plaintiff learned from one of her co-workers that Celinda had not asked other dialysis techs to perform the menial cleaning duties the Celinda required Plaintiff to perform.

16.     In April 2020, Indira (last name unknown) told the Plaintiff that Celinda "did not like people like her," inferring that Celinda had a bias against Plaintiff because of her race.

17.     Throughout the remainder of her employment, Plaintiff suffered ongoing harassment because of her race that included, but was not limited to:

- Being called an "ugly, fat, Black bitch" twice by a patient in the presence of one of the nurses, Indira, who laughed instead of correcting the patient or reporting the patient's conduct to upper management;

- Celinda frequently and inexplicably changing Plaintiff's work schedule;

- Celinda allowing other employees to leave early, leaving Plaintiff alone until closing;

- Celinda following Plaintiff around the workplace and belittling her, criticizing Plaintiff's work performance publicly and without cause;

- Being required to work holidays in order for other employees to have the day off;

- A co-worker asked Plaintiff if she knew any "loan sharks" because she was from Paterson;

- Nurses refusing to assist Plaintiff with patients; and

- Accusing Plaintiff of being "loud" and "embarrassing" to the nurse in front of patients.

18.     On or about March 21, 2021, the Plaintiff spoke to Clinical Manager, Korola Berringer, about the way she was being treated at work.

19.     Plaintiff specifically reported to Korola that she felt she was the victim of race harassment.

20.     Upon information and belief, Korola is White.

21.     Upon information and belief, one of Plaintiff's co-worker's, Celeste, had already advised Korola that Plaintiff was being harassed because of her race.

22.     By reporting her concern about race harassment to Korola, Plaintiff engaged in LAD-protected conduct.

23.     It was about a week after Plaintiff's complaint to Korola that Celinda began changing Plaintiff's schedule.

24.     Thus, all harassment occurring from that point on is also because of Plaintiff's status as a person engaging in conduct protected by the LAD.

25.     Plaintiff complained to Korola again in the Fall of 2021.

26.     Despite multiple complaints to upper management, the harassment of Plaintiff continued unabated.

27.     Celeste and Korola were both members of upper management as that term is defined under the LAD.

28.     Defendants are liable for the harassment directed at Plaintiff because Defendants failed to promulgate a meaningful policy reasonably designed to prevent or deter race harassment in the workplace.

29.     Defendants are further liable for the harassment because it was undertaken by at least one member of upper management.

30.      Defendants are further liable for the harassment because after Plaintiff's complaints of race harassment, Defendants failed to take any prompt, effective remedial action to put an end to the harassment.

31.     Because these actions of Defendants were undertaken by members of upper management and/or because members of upper management were willfully indifferent to the same, and because those actions were especially egregious, punitive damages are warranted.

32.     Plaintiff has been cause to suffer emotional upset and distress as the result of the Defendants' conduct.

## COUNT I

### Racial Harassment Under the LAD

33.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 32, as though fully set forth herein.

34.     For the reasons set forth above, the Defendants are liable to Plaintiff for racial harassment under the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Retaliatory Harassment Under the LAD

35.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 32, as though fully set forth herein.

36.     For the reasons set forth above, the Defendants are liable to Plaintiff for retaliatory harassment under the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

37.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 36 as though fully set forth herein.

38.     Plaintiff requests the following equitable remedies and relief in this matter.

39.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

40.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

41.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

42.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

43.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

44.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

45.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

**By:** _/s/ Terrence L. Mitchell_
Dated: April 22, 2022                        **Terrence L. Mitchell**

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause  of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**


**By:   _/s/ Terrence L. Mitchell_**
               **Terrence L. Mitchell**


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**


**By:   _/s/ Terrence L. Mitchell_**
               **Terrence L. Mitchell**

## <u>RULE 4:5-1 CERTIFICATION</u>

1.      I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.      I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By:   */s/ Terrence L. Mitchell*
             Terrence L. Mitchell

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Terrence L. Mitchell, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By:   */s/ Terrence L. Mitchell*
             Terrence L. Mitchell

# EXHIBIT C

**COSTELLO & MAINS, LLC**
By:  Terrence Mitchell
Attorney I.D. No. 273202018
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
tmitchell@costellomains.com
Attorneys for Plaintiff

---

|  |  |  |
|---|---|---|
| JACQUELINE SEARS, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | PASSAIC COUNTY - LAW DIVISION |
| Plaintiff, | : |  |
|  | : | CIVIL ACTION |
| vs. | : |  |
|  | : |  |
| BIO-MEDICAL APPLICATIONS OF NEW | : | DOCKET NO: PAS-L-542-22 |
| JERSEY, INC. and JOHN DOES 1-5 AND | : |  |
| 6-10, | : |  |
|  | : | **SECOND AMENDED COMPLAINT** |
| Defendants. | : | **AND JURY DEMAND** |

---

Plaintiff, Jacqueline Sears, residing in Paterson, New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter arises under the New Jersey Law Against Discrimination ("LAD") alleging racial harassment.

### Identification of Parties

1.     Plaintiff Jacqueline Sears is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the Defendants.

2.     Defendant Bio-Medical Applications of New Jersey, Inc. is, at all relevant times herein, an entity conducting business at 920 Winter Street, Waltham, Massachusetts 02451 and was Plaintiff's employer.

3.        Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

4.        Defendants operate a kidney dialysis and treatment care center, located at 10 Clifton Boulevard in Clifton, New Jersey.

5.        Defendants employed Plaintiff as a patient care tech from March 2020 to November 29, 2021.

6.        Plaintiff's termination is not at issue in this matter, which asserts a claim of workplace harassment only.

7.        Plaintiff is a Black woman.

8.        Plaintiff was harassed because of her race.

9.        The harassment was severe or pervasive.

10.        The harassment was such that a reasonable Black woman in Plaintiff's circumstances would have found the work environment altered to become hostile, intimidating or abusive.

11.        The work environment did, in fact, so alter for the Plaintiff.

12.        When Plaintiff's employment began in March 2020, she was instructed to shadow another dialysis technician, Arik.

13.        However, the Charge Nurse, Celinda, who is, upon information and belief, of Philippine descent, directed Plaintiff to perform menial tasks such as cleaning wheelchairs and wiping down counters instead of shadowing Arik.

14.     At the time, Plaintiff was the only Black woman working full-time as a dialysis technician.

15.     Plaintiff learned from one of her co-workers that Celinda had not asked other dialysis techs to perform the menial cleaning duties the Celinda required Plaintiff to perform.

16.     In April 2020, Indira (last name unknown) told the Plaintiff that Celinda "did not like people like her," inferring that Celinda had a bias against Plaintiff because of her race.

17.     Throughout the remainder of her employment, Plaintiff suffered ongoing harassment because of her race that included, but was not limited to:

- Being called an "ugly, fat, Black bitch" twice by a patient in the presence of one of the nurses, Indira, who laughed instead of correcting the patient or reporting the patient's conduct to upper management;

- Celinda frequently and inexplicably changing Plaintiff's work schedule;

- Celinda allowing other employees to leave early, leaving Plaintiff alone until closing;

- Celinda following Plaintiff around the workplace and belittling her, criticizing Plaintiff's work performance publicly and without cause;

- Being required to work holidays in order for other employees to have the day off;

- A co-worker asked Plaintiff if she knew any "loan sharks" because she was from Paterson;

- Nurses refusing to assist Plaintiff with patients; and

- Accusing Plaintiff of being "loud" and "embarrassing" to the nurse in front of patients.

18.     On or about March 21, 2021, the Plaintiff spoke to Clinical Manager, Korola Berringer, about the way she was being treated at work.

19.     Plaintiff specifically reported to Korola that she felt she was the victim of race harassment.

20.     Upon information and belief, Korola is White.

21.     Upon information and belief, one of Plaintiff's co-workers, Celeste, had already advised Korola that Plaintiff was being harassed because of her race.

22.     By reporting her concern about race harassment to Korola, Plaintiff engaged in LAD-protected conduct.

23.     It was about a week after Plaintiff's complaint to Korola that Celinda began changing Plaintiff's schedule.

24.     Thus, all harassment occurring from that point on is also because of Plaintiff's status as a person engaging in conduct protected by the LAD.

25.     Plaintiff complained to Korola again in the fall of 2021.

26.     Despite multiple complaints to upper management, the harassment of Plaintiff continued unabated.

27.     Celeste and Korola were both members of upper management as that term is defined under the LAD.

28.     Defendants are liable for the harassment directed at Plaintiff because Defendants failed to promulgate a meaningful policy reasonably designed to prevent or deter race harassment in the workplace.

29.     Defendants are further liable for the harassment because it was undertaken by at least one member of upper management.

30.      Defendants are further liable for the harassment because after Plaintiff's complaints of race harassment, Defendants failed to take any prompt, effective remedial action to put an end to the harassment.

31.     Because these actions of Defendants were undertaken by members of upper management and/or because members of upper management were willfully indifferent to the same, and because those actions were especially egregious, punitive damages are warranted.

32.     Plaintiff has been cause to suffer emotional upset and distress as the result of the Defendants' conduct.

**COUNT I**

**<u>Racial Harassment Under the LAD</u>**

33.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 32, as though fully set forth herein.

34.     For the reasons set forth above, the Defendants are liable to Plaintiff for racial harassment under the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

**COUNT II**

**Retaliatory Harassment Under the LAD**

35.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 34, as though fully set forth herein.

36.     For the reasons set forth above, the Defendants are liable to Plaintiff for retaliatory harassment under the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

**COUNT III**

**Request for Equitable Relief**

37.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 36 as though fully set forth herein.

38.     Plaintiff requests the following equitable remedies and relief in this matter.

39.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

40.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

41.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

42.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

43.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

44.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

45.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

**By:   _/s/ Terrence L. Mitchell_**
Dated: May 10, 2022                                    **Terrence L. Mitchell**

## <u>DEMAND TO PRESERVE EVIDENCE</u>

1.　　　All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, Myspace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.　　　Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:　_/s/ Terrence L. Mitchell_
　　　**Terrence L. Mitchell**

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:　_/s/ Terrence L. Mitchell_
　　　**Terrence L. Mitchell**

8

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.      I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


**By:   _/s/ Terrence L. Mitchell___**
              **Terrence L. Mitchell**

## DESIGNATION OF TRIAL COUNSEL

Terrence L. Mitchell, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


**By:   _/s/ Terrence L. Mitchell___**
              **Terrence L. Mitchell**